1

2

3

4

5                UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    SCOTT THOMPSON & LEIGH-ANN
     THOMPSON, a married couple, on        NO:  2:15-CV-0303-TOR
8    behalf of M.T., their minor child,
                                           ORDER DENYING PLAINTIFFS'
9                         Plaintiffs,      MOTION FOR SUMMARY
                                           JUDGMENT & GRANTING LEAVE
10         v.                              TO AMEND

11   THE DENLEA COMPANY, a
     Washington corporation, d/b/a BEST
12   WESTERN RIVER TREE, INN,

13                        Defendant.

14         BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF

15   No. 13). This matter was submitted for consideration without oral argument. The

16   Court—having reviewed the briefing, the record, and files therein—is fully

17   informed.

18                            **BACKGROUND**

19         On January 23, 2015, M.T., Plaintiffs' minor child who suffers from Sotos

20   Syndrome, tripped and fell on a single stair step located between the lobby and the

     ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT &
     GRANTING LEAVE TO AMEND ~ 1

pool area at Defendant's hotel in Clarkston, Washington.

On November 3, 2015, Plaintiffs filed suit on their child's behalf. ECF No. 1. Among other claims in their Complaint, Plaintiffs assert a claim under the Americans with Disabilities Act ("ADA") on the ground that Defendant failed to make the walkway from the lobby to pool area ADA compliant. *Id.* Specifically, Plaintiffs' Complaint faulted Defendant for failing to replace the single stair step with a ramp. *Id.* at 10. Pursuant to this claim, Plaintiffs sought a finding that Defendant violated the ADA and an injunction requiring Defendant to remove the single stair step and replace it with a ramp. *Id.* at 10-11.

After Plaintiffs filed suit, Defendant replaced several steps, including the single stair step at issue, with a concrete ramps. Plaintiff's expert examined the subject property in May 2016. One month later, Plaintiffs filed the instant motion for summary judgment, seeking an order that the newly-installed ramps and other barriers on the hotel's ground floor are not ADA-compliant and must be replaced. ECF No. 13.

## DISCUSSION

### A. Failure to Raise Allegations in Complaint

As a threshold issue, Defendant contends that Plaintiffs failed to provide adequate notice of their allegations regarding the newly installed ramp,

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT & GRANTING LEAVE TO AMEND ~ 2

1   accompanying railing, and other previously unidentified architectural barriers

2   throughout the subject property. ECF No. 14 at 10-13.

3        Pursuant to Rule 8, a civil complaint "must contain . . . a short and plain

4   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

5   8(a)(2). This standard requires the complaint to, at a minimum, provide "the

6   defendant fair notice of what the . . . claim is and the grounds upon which it rests."

7   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of an ADA

8   suit challenging architectural barriers at the subject property, the Ninth Circuit has

9   held that "the relevant 'grounds' are the allegedly non-compliant architectural

10  features at the facility.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir.

11  2011) (citing *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir.

12  2006)). "Thus, in order for the complaint to provide fair notice to the defendant,

13  each such feature must be alleged in the complaint." *Id.* "In general, only

14  disclosures of barriers in a properly pleaded complaint can provide such notice; a

15  disclosure made during discovery, including in an expert report, would rarely be an

16  adequate substitute." *Id.* at 909.

17

18

19

20

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT &
GRANTING LEAVE TO AMEND ~ 3

Here, Plaintiffs' Complaint focuses on one architectural barrier as grounds for their ADA claim: the single stair step between the lobby and pool area.[1] ECF No. 1 at 10. Plaintiffs asserted that this feature of Defendant's hotel violated the ADA and, as such, sought a Court order declaring Defendant's property in violation of the ADA and requiring that Defendant "remove the single step and replace it with a ramp." *Id.* at 11-12.

After Plaintiffs filed their Complaint, Defendant replaced the single step with a concrete ramp. One month later, without first seeking leave to file an amended pleading, Plaintiffs filed the instant motion for summary judgment, accompanied by their expert's report, asserting that the newly-installed ramp—in addition to the railing next to the ramp and other single stair steps on the subject property's ground floor—is not ADA compliant. ECF No. 13.

This Court finds that Plaintiffs did not give fair notice to Defendant, pursuant to Federal Rule of Civil Procedure 8 and relevant Ninth Circuit precedent, that the barriers listed for the first time in their summary judgment motion and accompanying expert report were grounds for their ADA claim. Accordingly,

---

[1] While Plaintiffs' Complaint discusses the vertical handrail next to the single stair step, ECF No. 1 at 5-6, they stop short of asserting that this handrail violates the ADA and did not seek injunctive relief as to this feature, *see id.* at 10-12.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT & GRANTING LEAVE TO AMEND ~ 4

1    Plaintiffs' summary judgment motion is denied.

2    **B. Leave to Amend**

3    As Defendant has mooted Plaintiffs' allegation regarding the single stair step

4    between the lobby and swimming area, *see Oliver*, 654 F.3d at 905 ("Because a

5    private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier)

6    under the ADA, a defendant's voluntary removal of alleged barriers prior to trial

7    can have the effect of mooting a plaintiff's ADA claim." (internal citation

8    omitted)), the question becomes whether Plaintiffs may amend their pleading in

9    order to bring the newly-asserted allegations.

10    When deciding whether to grant leave to amend after a scheduling order

11    deadline has expired, the Court must first address Rule 16. *Coleman v. Quaker*

12    *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To satisfy the legal standard under

13    Rule 16(b), the court must find "good cause" for failure to amend before the time

14    specified in the scheduling order. *Id.* In so deciding, the court "primarily considers

15    the diligence of the party seeking the amendment." *Johnson v. Mammoth*

16    *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may

17    modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of

18    the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory

19    committee's notes). However, "[i]f that party was not diligent, the inquiry should

20    end." *Id.* The district court, in supervising the pretrial phase of litigation and

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT &
GRANTING LEAVE TO AMEND ~ 5

deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If the court finds good cause, it must then consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Under Rule 15(a), leave to amend a pleading before trial should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In making this ruling, a court must consider (1) whether the moving party acted in bad faith or unduly delayed in seeking amendment, (2) whether the opposing party would be prejudiced, (3) whether an amendment would be futile, and (4) whether the movant previously amended the pleading. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [factors], there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Farnan*, 654 F.3d at 985 (quoting *Eminence Capital*, 316 F.3d at 1051).

Here, this Court finds good cause under Rule 16 to amend the scheduling order. The deadline to amend pleadings or add parties was March 8, 2016. ECF No. 11 at 2. Over two months later, on May 12, 2016, Plaintiffs' expert was invited to examine the subject property and the newly-installed ramp. Accordingly, Plaintiffs could not have included allegations concerning this ramp in their

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT & GRANTING LEAVE TO AMEND ~ 6

Complaint until after this date.

This Court also finds amendment is proper under Rule 15. First, the Court finds no indication of bad faith or undue delay; Plaintiffs could have not included the allegations regarding the newly-installed ramp at the time the initial pleading was filed. Second, this Court finds no prejudice to the opposing party at this early stage in the proceedings; the discovery cutoff is well over three months away. Third, Plaintiffs have not previously amended their Complaint. Finally, this Court finds amendment may not be futile in light of the allegations in Plaintiffs' summary judgment briefing. Accordingly, because the factors weigh in favor of amendment, this Court grants Plaintiffs leave to file an amended complaint.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiffs' Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Plaintiffs are **GRANTED** leave to file an amended complaint within fourteen (14) days of the entry of this order.

3. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** August 11, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT & GRANTING LEAVE TO AMEND ~ 7